IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:26-cv-80891-RS

SAMUEL AWAD, individually
and on behalf of all others similarly situated,

Plaintiff,

vs.

TOMMY ENTERPRISES INC.
d/b/a TOMMY'S EXPRESS,

Defendant.
______________________________________/

**DEFENDANT TOMMY ENTERPRISES INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant TOMMY ENTERPRISES INC. ("Defendant") hereby files its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint filed on June 18, 2026 (ECF No. 1-1, Exhibit A) and states as follows:

**PRELIMINARY STATEMENT**

1. This paragraph does not contain allegations which require a response. To the extent a response is required, Defendant denies same.

2. This paragraph does not contain allegations which require a response. To the extent a response is required, Defendant denies same.

3. This paragraph does not contain allegations which require a response. To the extent a response is required, Defendant denies same.

4. This paragraph does not contain allegations which require a response. To the extent a response is required, Defendant denies same.

## NATURE OF CLAIM

5. Defendant admits this action has been brought as an alleged class action but denies that such a class is warranted and denies any and all other allegations and inferences contained in this paragraph.

6. Denied.

7. Denied.

## JURISDICTION AND VENUE

8. Admitted for jurisdiction purposes only. Any other allegations or inferences are denied.

9. Admitted for jurisdiction and venue purposes only. Any other allegations or inferences are denied.

## PARTIES

10. Defendant lacks knowledge or information as to this allegation and therefore it is denied.

11. Admitted.

12. Denied.

## FACTS

13. Denied.

14. Denied.

15. Denied.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendant lacks knowledge or information as to this allegation and therefore it is denied.

25. Defendant lacks knowledge or information as to this allegation and therefore it is denied.

26. Defendant lacks knowledge or information as to this allegation and therefore it is denied.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

## CLASS ALLEGATIONS

**Proposed Class**

31. Defendant admits this action has been brought as an alleged class action but denies that such a class is warranted and denies any and all other allegations and inferences contained in this paragraph.

32. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph.

33. Defendant denies that a class action is warranted in this matter and therefore denies

any allegations or inferences contained in this paragraph.

34. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph.

**Numerosity**

35. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph.

36. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph.

**Common Questions of Law and Fact**

37. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph and all subparagraphs.

38. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph.

**Typicality**

39. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph.

**Protecting the Interests of the Class Members**

40. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph.

**Proceeding Via Class Action is Superior and Advisable**

41. Defendant denies that a class action is warranted in this matter and therefore denies any allegations or inferences contained in this paragraph.

42. Defendant denies that a class action is warranted in this matter and therefore denies

any allegations or inferences contained in this paragraph.

**COUNT I**
**Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the IDNC Class)**

43. Defendant realleges its responses to paragraphs 1 through 42 and incorporates same as if fully alleged herein.

44. This paragraph does not contain allegations which require a response. To the extent a response is required, Defendant denies same.

45. This paragraph contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies same.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**COUNT II**
**Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

59. Defendant realleges its responses to paragraphs 1 through 42 and incorporates same as if fully alleged herein.

60. This paragraph does not contain allegations which require a response. To the extent a response is required, Defendant denies same.

61. This paragraph does not contain allegations which require a response. To the extent a response is required, Defendant denies same.

62. This paragraph contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies same.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs a through f of this section.

**GENERAL DENIAL**

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

The alleged class is not certifiable in that Plaintiff does not adequately represent the alleged class and class certification is not warranted under Federal Rule of Civil Procedure 23.

### Third Affirmative Defense

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations set out under the TCPA.

### Fourth Affirmative Defense

Defendant's conduct complied with applicable regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

### Fifth Affirmative Defense

Defendant's actions were taken in good faith, in reliance upon information provided by its clients and others, and with a reasonable belief that such actions were legal, appropriate and necessary. The conduct alleged to be in violation of a statute, if any such conduct occurred, was not willful or knowing, purely unintentional or the result of error or mistake, and occurred, if at

all, despite Defendant's reasonable and appropriate efforts to avoid any such violation.

**Sixth Affirmative Defense**

Plaintiff does not fall within the scope of "persons" protected by the TCPA.

**Seventh Affirmative Defense**

Plaintiff does not have interests that fall within the zone of interests that Congress enacted the TCPA to protect.

**Eighth Affirmative Defense**

Plaintiff lacks constitutional standing to bring his claim under the TCPA due to, without limitation, his lack of injury-in-fact.

**Ninth Affirmative Defense**

Plaintiff lacks prudential standing to bring his claim under the TCPA.

**Tenth Affirmative Defense**

Plaintiff is barred from asserting his claims in whole or in part because the text messages at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

**Eleventh Affirmative Defense**

Plaintiff's claim for relief is barred by Plaintiff's knowledge, acts, omissions, and conduct.

**Twelfth Affirmative Defense**

Plaintiff is entitled to no relief due to the doctrine of unclean hands.

**Thirteenth Affirmative Defense**

Plaintiff unreasonably delayed in bringing his alleged claim against Defendant and such delay prejudiced Defendant. Thus, the doctrine of laches bars Plaintiff from asserting his claim for relief.

**Fourteenth Affirmative Defense**

Plaintiff is estopped from obtaining, and has waived his right to obtain, his requested relief from Defendant under the doctrines of waiver and/or estoppel.

**Fifteenth Affirmative Defense**

Plaintiff failed to use reasonable care to protect himself and to mitigate his damages and his damages, if any, should be reduced or eliminated.

**Sixteenth Affirmative Defense**

The TCPA, as applied to Defendant's alleged actions or inactions, and Plaintiff's requested relief under the TCPA, violate the United States Constitution, including the Free Speech Clause of the First Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Excessive Fines Clause of the Eighth Amendment.

**Seventeenth Affirmative Defense**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff was allegedly contacted) proximately caused any damages, injuries, or violations at issue. Defendant reserves the right to assert claims against such third parties for indemnification and/or contribution under applicable law(s).

**Eighteenth Affirmative Defense**

Defendant did not authorize, ratify, encourage, participate in, aid, or abet any of the alleged actions of its agents.

**Nineteenth Affirmative Defense**

Plaintiff's claim arises out of Plaintiff's own negligence, carelessness, or intentional acts.

**Twentieth Affirmative Defense**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

**Twenty-First Affirmative Defense**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

**Twenty-Second Affirmative Defense**

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227.

**Twenty-Third Affirmative Defense**

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

**Twenty-Fourth Affirmative Defense**

Any and all contact made by or on behalf of the Defendant were purely informational and/or non-solicitation contact, thus not in violation of the relevant TCPA statutes.

**Twenty-Fifth Affirmative Defense**

Plaintiff cannot recover to the extent Plaintiff's claims depend upon an FCC rule, order, ruling, or interpretation that is inconsistent with the TCPA or exceeds the authority delegated to the FCC by Congress. In determining Defendant's liability, the Court must independently interpret the TCPA and is not required by the Hobbs Act to accept an incorrect FCC interpretation of the statute.

**Reservation of Defenses**

Defendant does not waive, and expressly preserves, the right to assert additional defenses warranted by facts adduced during discovery in connection with this matter.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant's costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

Dated: August 3, 2026

Respectfully submitted by:

/s/ *James A. Peterson*
James A. Peterson, Esq.*
Florida Bar No. 645621
**PETERSON LEGAL P.A.**
5079 North Dixie Highway
Suite 105
Oakland Park, Florida 33334
(754) 444-8076
James@PetersonLegal.com
*Lead counsel

*Attorneys for Defendant TOMMY ENTERPRISES INC.*

**Certificate of Service**

I HEREBY CERTIFY that on August 3, 2026, a true and correct copy of the foregoing was served by email on counsel for Plaintiff: Alina O'Connor, Esq. and Zane C. Hedaya, Esq., The Law Offices of Jibrael S. Hindi, 1515 NE 26th Street, Wilton Manors, Florida 33305, (813) 340-8838, at alina@jibraellaw.com and zane@jibraellaw.com.

By: ***/s/James A. Peterson***
James A. Peterson